# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/11/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Paul D. Turner

**Case Number:** 04-13401

### Document Information

**Description:** Memorandum Opinion re: [12-1] Motion For Relief From Stay and For Abandonment Secured real property by Lisa L. Rigg, C. Duane Rigg .

**Received on:** 2004-09-16 10:08:20.000

**Date Filed:** 2004-09-16 00:00:00.000

**Date Entered On Docket:** 2004-09-17 00:00:00.000

### Filer Information

**Submitted By:** Patti Hennessy

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW MEXICO**

In re: PAUL TURNER,                                                Case No. 13-04-13401 ML

Debtor.

## MEMORANDUM

THIS MATTER is before the Court on the Motion for Relief from Automatic Stay and for Abandonment of Secured Property ("Motion") filed by C. Duane Rigg and Lisa L. Rigg (together, "Riggs"), by and through their attorney of record, William Perkins. The Riggs are sellers and the Debtor is purchaser under a real estate contract for certain non-residential property located in Silver City, New Mexico ("Property"). The Motion seeks a determination that the Property is not subject to the automatic stay, or, alternatively, that the stay should be modified to allow the Riggs to pursue an action for Forcible Entry and Unlawful Detainer against the Debtor to remove him from the Property. Debtor objected to the Motion, asserting that the Property is necessary to an effective reorganization, and that the stay should not be lifted until resolution of the Debtor's action against the Riggs pursuant to 11 U.S.C. § 548. The Court heard oral argument on the Motion on September 7, 2004, and the Court took the matter under advisement. For the reasons stated below, the Court finds that the Motion should be denied, conditioned upon the Debtor making monthly payments to the Riggs in the amount of $1,672.39.

FACTS AND PROCEDURAL HISTORY

The following facts relevant to this Motion are not in dispute. Debtor, as purchaser, and the Riggs, as sellers, entered into a real estate contract for the Property in January of 2000. The Property is non-residential property. The total purchase price for the Property as listed in the real estate contract

is $200,000.00. Under the terms of the real estate contract, Debtor is required to pay a down payment of $25,000.00, with $1,500.00 paid at closing and the remainder paid over thirty-three months. The remaining principal balance in the amount of $175,000.00 is payable in monthly installments of $1,672.39, including eight percent interest per annum, on or before the fifth day of the month[1] until January 5, 2005 when the total remaining balance becomes due and payable. On March 5, 2004, the Riggs sent Debtor a notice of default under the real estate contract. (*See* Exhibit 2 to the Motion). On May 5, 2004, the Riggs executed an Affidavit of Uncured Default and Election of Termination. (*See* Exhibit 3 to the Motion). On the same day, a Special Warranty Deed conveying the Property from the Debtor to the Riggs was recorded in the real property records of the county clerk of Grant County, New Mexico in book 264, page 8837. (*See* Exhibit 3 to the Motion). The real estate contract provides that:

> Upon termination, Purchaser has no continuing right to possession. If Purchaser remains in possession of the Property after this Contract has been terminated as above provided, Purchaser shall then become a tenant at will, for a rental amount equivalent to the installment payment theretofore required as monthly payments under this Contract . . . such tenancy being subject to termination by either party upon thirty (30) days separate prior written notice.

Debtor filed his voluntary petition under Chapter 13 of the Bankruptcy Code on May 6, 2004, and remains in possession of the Property. On September 2, 2004, Debtor filed an adversary proceeding against the Riggs seeking to avoid the recorded Special Warranty Deed as a fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1).

## DISCUSSION

---

[1] The first monthly payment was due January 18, 2000.

The Riggs first assert that the Property is not affected by the automatic stay in accordance with 11 U.S.C. § 362(b)(10). That section provides that the automatic stay does not apply to

> any act by a lessor to the debtor under a lease of non-residential property that has terminated by the expiration of the stated term of the lease before the commencement of or during a case under this title to obtain possession of such property.

11 U.S.C. § 362(b)(10).

Debtor disputes that he has become a tenant at will under the terms of the real estate contract, and that the Riggs have terminated the at-will rental arrangement, effective July 5, 2004. (*See* Debtor's Objection to Motion for Relief from Stay, ¶ 4). Assuming, *arguendo*, that the effect of the recorded Special Warranty Deed was to create a tenancy at will under the terms of the real estate contract, the Riggs did not attempt to terminate the tenancy at will until after Debtor filed his voluntary bankruptcy petition. (*See* Motion, ¶ 4). Section 362(b)(10) applies post-petition when the term stated in the lease expires after the commencement of the bankruptcy. In other words, only when the lease expires under its stated terms is the stay inapplicable. *See* 3 Collier on Bankruptcy ¶ 362.05[10] (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. rev. 2004) ("Only when the termination is based on expiration of the agreed term of the lease may the stay be disregarded.").

A "tenancy at will" is a continuing agreement with no fixed expiration date. Black's Law Dictionary, 1477 (7th ed. 1999) (defining tenancy at will as "[a] tenancy in which the tenant holds possession with the landlord's consent but without fixed terms (as for duration or rent). Such a tenancy may be terminated by either party upon fair notice."); *see also,* N.M.S.A. § 47-8-15 (Repl.Pamp. 1995) (providing that "Unless the rental agreement fixes a definite term, the residency is week to week in the case of a person who pays weekly rent and in all other cases month to month."); *see also, In re*

3

*Scott,* 209 B.R. 777, 783 (Bankr.S.D.Ga. 1997) ("A tenancy at will is a continuing agreement with no expiration date where typically only the statutorily prescribed notice or a failure of the tenant to pay rent followed by an eviction proceeding can terminate the legal relationship.") (citation omitted). This definition is consistent with the language contained in the real estate contract, *supra.* Thus, because the real estate contract purporting to create a tenancy at will does not contain a fixed expiration term, 11 U.S.C. § 362(b)(10) does not apply.

Debtor argues that the automatic stay should not be lifted until resolution of the Debtor's fraudulent transfer action filed against the Riggs pursuant to 11 U.S.C. § 548. Because a successful action under 11 U.S.C. § 548 would avoid the Special Warranty Deed and have the practical effect of reinstating the Debtor's interest under the real estate contract, whether the Debtor can maintain such an action will determine whether stay relief should be granted. Two issues are implicated: 1) whether the Debtor has standing to bring an action under 11 U.S.C. § 548; and 2) whether a special warranty deed recorded pre-petition upon default under a real estate contract is subject to avoidance as a fraudulent transfer under 11 U.S.C. § 548.

A. <u>Standing</u>

Section 548 specifically confers upon the trustee the power to avoid certain transfers of a debtor's property made within one year of the date of the filing of the petition if the debtor received less than reasonably equivalent value for the transfer at a time when the debtor was insolvent. 11 U.S.C. § 548(a)(1)(B) ("The *trustee* may avoid . . .") (emphasis added). Because the language in the statute is clear, courts have held that chapter 13 debtors have no standing to bring fraudulent transfer actions under 11 U.S.C. § 548, finding that such powers are restricted to trustees. *See, e.g., Davis v. Victor*

4

*Warren Properties, Inc. (In re Davis),* 216 B.R. 898, 903 (Bankr. N.D.Ga. 1997) (finding that the language of 11 U.S.C. § 548 is clear and concluding that a Chapter 13 debtor lacks standing to bring a suit under that section) (citation omitted); *LaBarge v. Benda (In re Merrifield),* 214 B.R. 362, 365 (8th Cir. B.A.P. 1997) (Section 548 confers avoidance powers exclusively on the trustee). *But see, e.g., Hernandez v. Cantu (In re Hernandez),* 150 B.R.29, 30 (Bankr. S.D.Tex. 1993) (finding that the Chapter 13 debtor has standing under § 548); *Robinson v. Taylor (In re Robinson),* 80 B.R. 455, 457 (Bankr. N.D.Ill. 1987) (allowing the debtor to bring suit under 11 U.S.C. § 548, alleging lack of reasonably equivalent value).

In *In re Montoya,* 285 B.R. 490 (Bankr.D.N.M. 2002), this Court considered whether a chapter 13 debtor standing to assert an avoidance action under 11 U.S.C. § 548, and determined that, while a chapter 13 debtor generally does not have standing under 11 U.S.C. § 548, a debtor who qualifies under the avoidance provisions of 11 U.S.C. § 522(h)[2] can nevertheless maintain such an action provided certain circumstances are present. *Id.* at 493. Those circumstances are:

> 1) the debtor's transfer of property was involuntary; 2) the trustee did not attempt to avoid the transfer; 3) the debtor did not conceal the property; 4) the debtor seeks to exercise an avoidance power set out in 11 U.S.C. § 522(h); and the transferred property could have been exempted if the trustee had avoided the transfer under 11 U.S.C. § 522(g).
>
> *Id.* (citing *DeMarah v. United States (In re DeMarah),* 62 F.3d 1248, 1250 (9th Cir. 1995) (establishing five-part test under 11 U.S.C. § 522(h) to determine whether debtor may bring an avoidance action)).

Debtor appears to satisfy these criteria. The "transfer" consisting of the Riggs' recording of the Special

---

[2]Section 522 which defines a debtor's exemptions, also empowers a debtor to avoid certain liens. *See* 11 U.S.C. § 522(f) and (h).

5

Warranty Deed was involuntary. The Chapter 13 Trustee has not sought to avoid the transfer. Debtor listed the Property in his statements and schedules, so the Debtor did not conceal the Property. Section 548 is one of the avoidance powers enumerated under 11 U.S.C. § 522(h). Debtor has claimed an exemption in the Property on his Schedule C. Thus, Debtor has sufficient standing to bring an action under 11 U.S.C. § 548.

B. Whether the Special Warranty Deed is Subject to 11 U.S.C. § 548

Debtor's adversary proceeding filed against the Riggs seeks to avoid the Special Warranty Deed as a fraudulent transfer under 11 U.S.C. § 548, alleging that the transfer was made for less than reasonably equivalent value at a time when the Debtor was insolvent. This section requires that there be a transfer of the debtor's interest in property. 11 U.S.C. § 548(a)(1). The Riggs point out that the Special Warranty Deed was recorded pre-petition, terminating the real estate contract and the Debtor's interest in the Property before the bankruptcy estate was created. This Court previously considered whether the pre-petition recording of a special warranty deed following default under a real estate contract constitutes a "transfer" within the meaning of 11 U.S.C. § 548. *See Veretto v. Boone Trust (In re Veretto),* 131 B.R. 732 (Bankr.D.N.M. 1991). In *In re Veretto,* the creditor asserted that upon the debtor-purchaser's default under the real estate contract, the real estate contract was automatically terminated and the debtor-purchaser's rights thereunder were extinguished so that the debtor-purchaser had no interest in property to transfer when the special warranty deed was recorded. *Id.* at 736. The Court looked to the broad definition of "transfer" under 11 U.S.C. § 101(50), and New Mexico law providing that a purchaser under a real estate contract holds a property interest in land to conclude that "a forfeiture of an equity interest under a real estate contract constitutes a

6

transfer." *Id.* at 737. Thus Debtor's adversary proceeding seeking to avoid Special Warranty Deed recorded upon default under a real estate contract sufficiently states a cause of action under 11 U.S.C. § 548. *See Dunbar v. Johnson (In re Grady),* 202 B.R. 120, 123 (Bankr.N.D.Iowa 1996) (noting that "forfeiture of a real estate contract can constitute a fraudulent transfer under 11 U.S.C. § 548(a)(2).").

## CONCLUSION

Based on the foregoing, the Court concludes that the Motion should be denied. Termination of a tenancy at will is not excepted from application of the automatic stay under 11 U.S.C. § 362(b)(10). Debtor's pending adversary proceeding is sufficient grounds to withstand the Riggs' request for relief from stay for the purpose of initiating an action to remove Debtor from the Property. The automatic stay shall remain in place, conditioned upon the Debtor making monthly payments in the amount of $1,672.39 as adequate protection to the Riggs for their interest in the Property. 11 U.S.C. § 362(d)(1). An appropriate Order will be entered in accordance with this Memorandum.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

7

I hereby certify that a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and parties, on the date file stamped above.

Chris W. Pierce
Attorney for Debtor
PO Box 6
Albuquerque, NM 87103

William Perkins
Attorney for C. Duane Rigg and Lisa Rigg
PO Box 1219
Silver City, NM 88062

_/s/ Patti G. Hennessy_
Patti G. Hennessy
Law Clerk
(505) 348-2545